(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Carroll-Lisa A. Malone
_____
(Name of Plaintiff or Plaintiffs)

v.    CIVIL ACTION No. _____

Henry M. Paulson Jr.,
Secretary, Department of the Treasury, Agency
(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

1.   This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.   Plaintiff resides at  1559 Forrest Ave
(Street Address)
Dover    Kent    DE    19904
(City)   (County)   (State)   (Zip Code)
302  359  1360
(Area Code) (Phone Number)

3.   Defendant resides at, or its business is located at  1500 Pennsylvania Ave N.W.
(Street Address)
Washington, DC    DC    20220
(City)   (County)   (State)   (Zip Code)

4.   The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's  Henry M. Paulson Jr., Secretary, Department of the Treasury Agency place of business
(Defendant's Name)
located at  1500 Pennsylvania Ave NW.
(Street Address)
Washington    DC    DC    20220
(City)   (County)   (State)   (Zip Code)

5.  The alleged discriminatory acts occurred on ~~JAN~~ 20th , JAN , 2007 .
    (Day)   (Month)   (Year)

6.  The alleged discriminatory practice  ☒ is   ☐ is not continuing.

7.  Plaintiff filed charges with the Department of Labor of the State of Delaware,

N/A
    (Agency)   (Street Address)   (City)

N/A _____ , regarding
    (County)   (State)   (Zip Code)

defendant's alleged discriminatory conduct on N/A ___ , _____ , _____ .
                                              (Day)   (Month)   (Year)

8.  Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: 03 , MAY , 2007 .
    (Day)   (Month)   (Year)

9.  The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue Letter which was received by plaintiff on: 15th , Feburary , 2008 .
    (Day)   (Month)   (Year)

**(NOTE:  ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:

    A.  ☐ Failure to employ plaintiff.
    B.  ☒ Termination of plaintiff's employment.
    C.  ☐ Failure to promote plaintiff.
    D.  ☒ Other acts (please specify below)

    Harrassment and discrimination for disabilities due

    to work related injuries

    Violations of ADA Laws , FECA Laws,

    _____

    _____

11. Defendant's conduct is discriminatory with respect to the following:
    A. ⭕ Plaintiff's race
    B. ⭕ Plaintiff's color
    C. ⭕ Plaintiff's sex
    D. ⭕ Plaintiff's religion
    E. ⭕ Plaintiff's national origin
    F. ✗ Disabilities

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.
    Yes Available on request see EEOC
    too Large to Add    TD case # EEOD FS-07-0489-m

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended. yes

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.
    yes

THEREFORE, Plaintiff prays as follows: (Check appropriate letter(s))

A. ✗ That all fees, cost or security attendant to this litigation be hereby waived.
B. ✗ That the Court appoint legal counsel.
C. ✗ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 05/14/2008

_____ A. Malone _____
(Signature of Plaintiff)


_____
(Signature of additional Plaintiff)



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Carroll-Lisa A. Malone,
Complainant,

v.

Henry M. Paulson, Jr.,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 0120080775

Agency No. EEODFS070489M

DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated October 26, 2007, dismissing her complaint of unlawful employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.* Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. In her complaint, complainant alleged that she was subjected to discrimination on the basis of disability (carpal tunnel and other conditions) when her employment was terminated effective January 20, 2007.

The record discloses that the alleged discriminatory event occurred on January 20, 2007, but complainant did not initiate contact with an EEO Counselor until March 19, 2007, which is beyond the forty-five (45) day limitation period. On appeal, complainant has presented no persuasive arguments or evidence warranting an extension of the time limit for initiating EEO Counselor contact. The Commission notes that the termination letter specifically alerted complainant of the 45 day time limit for contacting an EEO counselor. Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.

2                                                                                                    0120080775

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

3                                                                                                         0120080775

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").


FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations


FEB   7 2008

Date

4                                                                                           0120080775

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Carroll-Lisa A. Malone
1559 Forrest Ave
Dover, DE 19904

Mariam G. Harvey, Director, EO Programs
Office of Equal Opportunity & Diversity Division
Department of the Treasury
1750 Pennsylvania Ave., NW Rm: 8157D
Washington, DC 20220

FEB 7 2008
Date

_____
Equal Opportunity Assistant

**Complaint of Discrimination of Carroll L. Malone and Henry M. Paulson, Secretary of the Treasury**

**TD Case Number 07-0489-M**

**CLAIM:**

Was the Complainant discriminated against on the basis of her physical disabilities (Carpal tunnel syndrome, Epicondylitis, Bilateral DeQuevain Tenosynovitis, Brachial Plexus infringements) when effective January 20, 2007, she was removed from her position as a Tax Examining Technician, GS-0592-05, with the Internal Revenue Service?

**SUMMARY OF INVESTIGATION**

The Complaint is employed with the Internal Revenue Service as a Tax Examiner, GS-592-05 in Philadelphia, Pennsylvania.

The Complainant states that she went on extended leave in July of 2001 while receiving worker's compensation benefits. She contends that from that time, she has received several letters from Pete Kovscek and Rosemary Hetrick requesting that he return to work or resign. She also contends that in 2005, she received a letter stating that if she did not return to work or resign, they were going to terminate her. She further contends that she received a letter, dated December 22, 2006, which informed her that she was going to be terminated effective January 20, 2007 for violation of tax compliance code. She admits that she violated the tax code, but insists that it was an honest mistake. She explains that she received electronic payments for her unemployment, but mistakenly assumed that all of the checks she received were for the prior year. IF Ex. 4.

Peter Kovscek, Program Manager (recommending official) states that he was aware of the Complainant's disability. He insists that the Complainant was terminated because she failed to file her taxes properly. He also contends that she failed to claim all income on her returns after she was told in prior years to claim all income on her return. He insists that the same income was omitted for subsequent years after she was informed of improper federal returns being filed. He states that when the income was not claimed the first year, the Complainant was informed of the missing income. He also states that the second year she did not claim the same type of conduct again, which constitute willful neglect and the submission of an incorrect tax return. He maintains that the Complainant was aware of her tax obligations since she was a tax examiner and their operation regularly issued notices for the income type which was omitted from her federal tax return. IF Ex. 6.

Rosemary Hetrick, Operation Manager (Recommending official) states that she was not made aware that the Complainant had carpal tunnel until after the removal letter was issued. She contends that the Complainant was removed from the Agency in violation of 1203(b)(9) of RRA '98 Willful Failure to Timely file Federal Income Taxes. She

contends that the Complainant failed to properly report income on her 2002 Income Tax Returns. She also contends that she failed to respond to notices issued concerning the delinquent taxes, which resulted in additional tax assessed by default. She further contends that the Complainant's multiple tax year infraction exhibits a pattern of willful neglect in meeting her Federal and State reporting of income tax responsibilities. She asserts that based on her position as a tax-examiner for the IRS, she reviewed cases such as that and had been trained to know unemployment compensation was taxable. IF Ex. 8.

Cheryl Cordero, Director (not disabled) states that she was not aware of the Complainant's disability at the time of her decision to remove her. She states that she made the decision to remove the Complainant for the following reasons: (1) She understated her tax liability for tax year 2002; (2) She failed to timely pay Federal income taxes for tax year 2002; and (3) She failed to timely pay Federal income taxes for tax year 2005. IF Ex. 8.

Sondra Tuck (Human Resources Specialist LR ER) (no disability) states that the Complainant was terminated for 1203 violations. She explains that on July 22, 1998, Congress passed the IRS Restructuring and Reform Act of 1998. Section 1203 requires mandatory termination of any IRS employee who commits any of the ten specific acts or omissions described in the section. She maintains that the Complainant was charged with a 1203 (b)(9) violation, therefore, 1203 policy and procedures apply. IF Ex 11.

The termination letter is located in exhibit 14

A Copy of the Restructuring and Reform Act of 1998 (RRA 98, Section 1203) (employee guide) is located in exhibit 18.

Internal Revenue Service Guide for Penalty Determination is located in exhibit 2.

There were three other employees terminated for 1203 (b)(9) violation within the past two years. None of these employees have disabilities. IF ex. 16.



**RECEIVED MAY 0 3 2007**
TREASURY COMPLAINT MEGA CENTER
DALLAS, TEXAS

Form No. TDF 62-03.5
(01/03 Edition)

**INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION WITH THE DEPARTMENT OF THE TREASURY**

FOR OFFICE USE ONLY

DEPARTMENT CASE NUMBER: EEODFS-07-0459-M

FILING DATE: 05/03/2007

## Part I Complainant Identification

1. **Name (Last, First, Middle Initial)**: Malone, Carroll-Lisa
2. **Telephone/Fax (Include Area Code)**: Home: 302 359 1360  Fax: 302 342 5655
   Work: ___  Fax: ___
3. **Present Home Address**: 1559 Forrest Ave, Dover, DE 19904
4. **If you are a current or former employee of the Federal government, list your most recent title, series, and grade.**
   Title: Tax Exam Clerk AuR   Series: ___   Grade: 5-1

5. **Name and Address of Organization Where You Work (If a Treasury Employee)**:
   IRS-PSC
   Bureau: ___
   Business Unit: SB/SE
   Office and Organizational Component: AUR
   Street Address: 11501 Roosevelt Blvd
   City: Phila   State: PA   Zip Code: 19154

6. **Employment Status in Relation to this Complaint**:
   [X] Career/Career Conditional

7. I certify that all of the statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.

Signature: Carroll Lisa Malone   Date: 2007

## Part II Designation of Representative

8. You may represent yourself in this complaint or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, but you must notify the Department immediately in writing of any change, and you must include the same information requested in this Part.

"I hereby designate _____ (Please Print Name) to serve as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."

9. Representative's Mailing Address
10. Representative's Employer (If Federal Agency)
11. Representative's Telephone/Fax (Include Area Code)
12. Complainant's Signature

## Part III Alleged Discriminatory Actions

**13.** Name and Address of Treasury Bureau that took the action at issue (if different than item 5.)

Bureau: IRS-PSC AUR
Office and Organizational Component:
Street Address: 11150 Roosevelt Blvd
City: Phila   State: PA   Zip Code: 19104

**14.** If your complaint involves nonselection for a position, please complete the following:

Position Title: _____   Series: _____   Grade: _____
Vacancy Announcement Number: _____   Date Learned of Nonselection: _____

**15.** (A) Describe the action taken against you that you believe was discriminatory, (B) Give the date when the action occurred, and the name of each person responsible for the action. (C) Describe how you were treated differently than other employees or applicants because of your race, color, religion, sex, national origin, age, disability, or in retaliation for your participation in the EEO process or opposition to alleged discriminatory practices. (D) Indicate what harm, if any, came to you in your work situation as a result of this action. (You may but are not required to attach extra sheets.) (E) If the basis of your complaint is your parental status, sexual orientation, or protected genetic information, use this form but your complaint is not statutorily based and will follow a separate, parallel process.

I was fired on Jan 20th 2006 for a 1203 Violation. I believe that if I was not out OWCP would have been only a written reprimand or Suspen...

[margin notes:] Workers Comp. on IRS repeated how tried to fire me last 5 years violat years FECA Laws and otho during this Time violated Douglas J.S.V

**16.** Mark below ONLY the bases you believe were relied on to take the actions described in #15.

- [ ] Age (Date of Birth): _____
- [x] Physical or Mental Disability (Describe): WORK Related Occ. Disease/Injury
- [ ] Race (State Race): _____
- [ ] Retaliation/Reprisal (Dates of Prior EEO Activity): _____
- [ ] Color (State Color): _____
- [ ] Religion (State Religion): _____
- [ ] Sex (Specify): _____
- [ ] Sexual Orientation
- [ ] Parental Status
- [ ] National Origin (Specify): _____
- [ ] Protected Genetic Information

**17.** What remedial or corrective action are you seeking to resolve this matter?

1203 Removed, Placement Back into Employee Status, Benefit Eligibility...

[margin notes:] So I can file for my Disability Pension and find federal employment elsewhere with my medical Restrictions But need med benefits prior to filing for this pension they were informed of this.

**18.** If you wish to amend your complaint (or provide additional evidence), indicate the complaint case number of that complaint.

## Part IV Contact

EEO Counseling is not required if you are amending an existing open complaint.
Complete items 19, 20, and 25 even if you did not contact a counselor.

**19.** When did the most recent discriminatory event occur?
01 / 20 / 2007

**24.** When did you receive your "Notice of Right to File"?
01 / 20 / 2007

**20.** When did you first become aware of the alleged discrimination?
01 / 20 / 2007

**25.** On this same matter, have you filed a grievance or appeal under
- Negotiated grievance procedure  [ ] YES [ ] No
- Agency grievance procedure  [ ] YES [ ] No
- MSPB appeal procedure  [ ] YES [ ] No

**21.** When did you contact an EEO counselor?
3 / 19 / 2007 +
Month 3  Day 06  2007

**22.** Did you discuss all actions raised in Item 15 with an EEO counselor? [x] YES [ ] NO Roughly

If you filed a grievance or appeal, provide date filed, case number and present status

**23.** Name and telephone number of EEO counselor
Kathleen Brunberg  (978) 474-5242

10

r 26 07 02:58p        Carroll Lisa Malone            1-302-342-5655           p.2
03/22/2007 14:49 FAX 978 474 9552    ANDOVER EEO&D OFFICE                     ☐ 002

# EEO COUNSELING REPORT – INDIVIDUAL COMPLAINT
## PART I (Through initial interview)
Use a continuation sheet if necessary.

C16PHI07033

| 1. Director Treasury Complaints Center: | 2. EEO and Diversity Manager: Boston, Territory 16 | 3. EEO Counselor: Boston, Territory 16 | 4. Date Counseling First Sought: |
|---|---|---|---|
| Brian McGovern, Director<br>Treasury Mega Complaint Center<br>4050 Alpha Road<br>MS 1010 MRSO<br>Dallas, TX 75244-4201<br>Voice: (972) 308-1303<br>Fax: (972) 308-1307 | Marti Melecio<br>Territory Manager<br>25 New Sudbury Street<br>Stop 82510<br>Boston, MA 02203<br>Voice: (617) 316-2191<br>Fax: (617) 316-2195 | Kathleen Brunberg<br>Andover Service Center<br>310 Lowell Street<br>Stop 104<br>Andover, MA 01810<br>Voice: (978) 474-5242<br>Fax: (978) 474-9552 | 3/19/07<br><br>5. Date of First Interview:<br><br>3/22/07 |

| 6. Employee or Applicant: Name, Business or Home Address; Employee: Official Job Title, Series and Grade | | 8. Matter Causing Complaint or Issue – Mark (X) where applicable | |
|---|---|---|---|
| Office:<br>Carroll Malone<br>Former employee<br>Tax Exam Tech<br>GS-0592-05<br>SB/SE, Compliance<br>11501 Roosevelt Blvd.<br>Philadelphia, PA 19154 | Residence:<br>1559 Forest Ave.<br>Dover, DE 19904<br><br>Cell Phone 302 359-1360<br>Fax: 302 342-5655 | Appointment/Hire<br>Assignment of Duties<br>Awards<br>Convert to Full-time<br>Demotion<br>Duty Hours<br>Evaluation/Appraisal<br>Examination / Test<br>Harassment (Non-sexual)<br>Harassment (Sexual)<br>Medical Examination<br>Other Disciplinary Action<br>Pay Including Overtime<br>Promotion/Non Selection | Reassignment Denied<br>Reassignment Directed<br>Reasonable Accommodation<br>Reinstatement<br>Retirement<br>Removal<br>Reprimand<br>Suspension<br>X Termination<br>Terms/Conditions of Employment<br>Time and Attendance<br>Training |

| 7. Basis or Type of Discrimination: Mark (X) where applicable | | | |
|---|---|---|---|
| Race → | White | | |
| Color → | | | |
| National Origin → | | | |
| Religion → | | | |
| Sex: | Male → | Female → | |
| Age | Date of Birth → 1/6/55 | | |
| X Disability: | Mental → | Physical → X | |
| Retaliation/Reprisal | | | |
| Other → | Sexual Orientation →<br>Parental Status →<br>Protected Genetic Information → | | |

RECEIVED MAY 11 2007 TREASURY COMPLAINT MEGA CENTER DALLAS, TEXAS

9. An EEO Counselor cannot reveal the identity of a person who has come for counseling, except when authorized to do so by the person counseled. Mark (X) where applicable.

Is Complainant willing to have his/her name revealed during the counseling stage?    YES → X    NO →

If answer is "Yes", Complainant must give permission by signing name here: X _Carroll Lisa Malone_ X

| 10. Location Where Alleged Discrimination Occurred and Date of Occurrence: | 11. Give date Complainant became aware of alleged discrimination if substantially different from that shown in #10. Explain: |
|---|---|
| SB/SE, 1/20/07 | |

12. If complaint appears to be untimely, what explanation is offered to explain why EEO Counselor was not contacted within 45 days?

ATTENTION: Alert the Treasury Complaint Center to untimely Issues by providing detailed information on each untimely issue here.

TD F 62-03.1 (03/87) PREVIOUS EDITION TD F 67.13.1 (06/85) OBSOLETE.
\Revised Part 1.doc    Last printed 3/22/2007 3:34:00 PM    Page 1 of 2

16

# EEO COUNSELING REPORT – INDIVIDUAL COMPLAINT
PART I (Through initial interview)
Use a continuation sheet if necessary.    C16PHI07033

TENTION: Alert the Treasury Complaint Center to untimely issues by providing detailed information on each timely issue here.

feels she's met the 45 days by going to the Deleware EEO Office on 2/20/07. She also claims NTEU told her had 90 days to contact EEO.

Provide a brief description of complaint, summarizing actions which caused counseling to be sought and which Complainant believes are discriminatory.

grieved Party (AP) alleges she was discriminated against based on disability (physical) on or about 5/07 when she received a letter at home from her manager that she was being terminated effective 0/07 because of a 1203 violation. AP alleges she was terminated because she has been out of work on orker's Compensation since 6/15/01.

**Remedial Action Desired by Complainant**

Medical eligibility
Reverse termination

Has Complainant raised the same matter under another procedure? Mark (X) where applicable.

| | | | |
|---|---|---|---|
| he same matter has Complainant filed a grievance under a negotiated grievance procedure? | YES → | NO → | X |
| he same matter has Complainant filed a grievance under the Agency grievance system? | YES → | NO → | X |
| Complainant appealed to the Merit Systems Protection Board? | YES → | NO → | X |

jrievance or appeal has been filed, what is its status?

| Does Complainant elect to have a representative? Mark (X). | 17. Signature of EEO Counselor and date signed: |
|---|---|
| → NO → X | *Kathleen Brunberg* 3/26/07 |

62-03.1 (03/87) PREVIOUS EDITION TD F 67.13.1 (06/85) OBSOLETE.

vised Part 1.doc    Last printed 3/26/2007 3:36:00 PM    Page 2 of 2

First I like to apologize if this don't make sense. I have a head cold.

I wish to point out the statements on page 19 of the file that Pete Kovscek made to the counselor on 4/2/07. It starts about the 17th line down on the page. He stated that I was in non work status since 1997 or 1998 this wrong. I have be out since July 2001 and I was placed in non pay status (see SF-50 p. 83) when I should have been OWCP-LWOP status. I had informed him, Ms. Jones and Ms. Hetrick repeatedly that I should have been in OWCP-LWOP status per FECA Law and OWCP rules and procedures. This was finally rectified by Judith Puccio (see letter dated April 1, 2005 enclosed and SF-50 p.75). As for my medical benefits if you look at page 31 of the file you will note the last section 2nd line states "you may enroll …., as long as you are otherwise eligible" and page 34 last 2 sections… "If you are a seasonal employee,… And page 36 first section 3rd bullet regarding non pay status. As a manger Mr. Kovscek knows that I need management to put in for my benefits eligibility certification first, and that I lose eligibility if in non pay status for more than 365 days. Also that " qualifying life event" enables eligibility.

The most important statement Pete Kovscek made in that interview was that he was trying to terminate me. If I have not been in work since July 2001 for work related injuries (my disabilities), than what reason other than my disabilities keeping me out does he have for trying to terminate me in 2004, 2005, and 2006. He also wants everyone to believe that those reasons had no factor in his making the recommendation to terminate. (see p. 48 & 49 #7)

*Carroll Lia Malone* [signature]

If you would please reread carefully only Pete Kovscek answers to questions # 6 & # 7 (pages 48 & 49), Rosemary Hetrick's answers (pages 52 & 53) Cheryl Cordero's answers to #'s 6, 7, 10, & 13 (pages 57 & 58) and John Valinote's answers to #'s 6 & 7. (pages 60 & 61) As I read them I was left a little confused as to who advised and consulted who, and who really made the decision to terminate. According to John Valinote's answer in #7, (p. 61) the decision of willfulness or not is determined by 3rd level management, that would be Rosemary Hetrick. According to Ms. Hetrick's answer to # 7 (page 53) Pete Kovscek made the recommendation and she signed off on it.

As to Ms. Hetrick's answers to # 11 (page 54) I have written directly to her over the past several years as well as sent my doctors notes directly to her fax many per her attention. This is noted my letter on page 209 to her as well as the enclosed letters addressed to Mr. Kovscek . After the letter on page 209 most of my correspondences with my employer were faxed also to Ms. Hetrick to ensure she was well aware of all and any problems. She should have been well aware of my disabilities by 2006.

I feel that Ms. Jones answers to #'s 6 & 7 regarding the 1203 directly are accurate somewhat I feel that the real discussion regarding my removal with Ms. Jones, Mr. Kovscek and Ms. Hetrick took place prior to the 1203 paperwork. As Mr. Kovscek stated on 4/2/07 they were already trying to terminate me thus any discussion and final decision would have already been done then.

As the letter on page 209 and the enclosed letters show the attempts to terminate me involved violations of OWCP procedures and

FECA Law. Which continued even after these letters. During this time in 2004 is when my tax return was reviewed 2 years after filing, and by a woman I sat next to for almost a year, I even answered her phones and took messages for her. This would place her under if not Pete Kovscek's supervision definitely Rosemary Hetrick's. She also happened to be on vacation when I received my notice and left a message for extension to investigate the inquiry. I was under the understanding that our tax returns were not to be reviewed by our own PSC least of all by anyone who knows us either personally or professionally (thus the reason for another PSC) as to avoid any chance of a conflict of interest issue. This is why I feel there was a UNAX violation, along with the belief that if they have no problem repeatedly violating OWCP procedures and FECA Law to remove me because of my disabilities then why not other laws. On this same issue I had contacted earlier this year Sen. Carper's office on help to investigate the possible UNAX violation. Enclosed is a copy of a letter I received from his office showing Ms. Cordero investigated it herself rather than remove herself due to this EEOC complaint which involves that return. The Senator's office agreed that she should not have addressed this issue herself, but requested an outside investigation.

    The other forms I enclosed are copies of some of the forms Ms. Jones had to fill out and submit to OWCP they had to be submitted in order for me to be paid. ( over 50 ca-7's, 3 ca-2's, 3 ca-2a's plus over 20 ca-20's) Ms. Jones took several of these forms to Ms. Hetrick to review when I brought them in back in 2001 and 2002.

*Carell Liver Malone*

Pete Kovscek also claims that I failed to report income on 2 tax years this is not true it was only 1 tax year, also they are also claiming that I did not file a timely return for that tax year due to the being additional tax assessed for that mistake my missing that income. Therefore they are claiming the 1 tax year as 2 separated incidents and stating that filing an installment agreement for tax payments is not allowed but even the NTEU claims we are not forbidden from filing installment agreements nor are we told not to or that they could result in a possible 1203 infraction.

 I stated in my all my 1203 questionnaires (which Ms. Cordero, Pete Kovscek and Rosemary Hetrick all claim to have reviewed for willfulness) that since 2001 I have been dealing with not only my work related injuries that caused my disabilities, doctors of both my own and OWCP, My husband undergoing major surgery for a AAA (abdominal aorta aneurysm which put in the hospital in a coma like state for a month and almost died) him also having 2 heart attacks, his brother who lived with us for several years dying, my sons 2 back surgeries, 5 of my own surgeries, 3 leaking roofs which caused mold in my home, my furnace dying, my minor daughter being scheduled for a Europe trip with school with the threat of war going on, as well as battling anemia so sever that I was undergoing IV iron treatments, my father battling prostate cancer and my mother bi polar manic depressive. Getting foreclosure, shut off and repossession notices at the same time.  I did not feel the need to include that my daughter was diagnosed with MS, or her being pregnant with twins, along with a lot of other problems that I had to deal with along with them trying to constantly fire me from my

*Carolyn Malone* [signature]

job. But according to Pete Kovscek, Rosemary Hetrick, and Cheryl Cordero, that none of these things, let alone all of them may cause someone to miss a 1099 not coming at tax time or require me and my husband to file an installment agreement. Least of all when you have been dealing with a manager (Linda Jones) constantly claiming to never have received your CA-7's (wage forms for payment) requiring you to refill them out and resubmit them repeatedly, so you are without pay for over 6 months at a time, several times over the course of 2 years. I honestly would love to know what would constitute as excusable and not willful then, for their decision to be for a willful 1203 and not about them trying to terminate me for several years (which Pete Kovscek admitted to on page 19) for my being on valid, legal leave for my disabilities. Under OWCP rules and FECA Law I am not to be terminated from my position unless I refuse to return to a legal job offer as outline/proposed by OWCP. No job offers have been submitted to OWCP by any of my managers for consideration by OWCP (see page 206)

    I have only submitted written documentation for consideration you will see references to phone conversations between myself and my managers it would require too much sanitation of documents for me to submit my phone bills for verification of all the countless calls over the last several years that Pete Kovscek alleges that there was no contact since 2004. ( I think the few letters I submitted shows that as untrue)

*Carroll Lisa Malone*
*Carroll Lisa Malone*
*09-05-07*

| | |
|---|---|
| UID:CMAL00828; Incident date: on or about 1/15/07 Aggrieved Party (AP) alleges she was discriminated against based on disability (physical) on or about 1/15/07 when she received a letter at home from her manager that she was being terminated effective 1/20/07 because of a 1203 (b) violation. AP alleges she was terminated because she has been out of work on Workers' Compensation since 6/15/01 not because of a tax issue. AP agreed to participate in Alternative Dispute Resolution (ADR) program because it was the fastest way to resolve the problem. On 3/27/07 Counselor (Cnslr) requested ADR concurrence. Complaint was returned for traditional counseling when Cnslr was informed on 4/2/07 by the Area ADR Coordinator the request was denied because 1203 violations are not mediated. According to Labor Relations Specialist (L/R) no grievance was filed. AP had tax issues in 2001, 2002, and 2005. A proposal letter to terminate AP for understatement of Federal taxes was issued on 7/31/06. On 9/1/06 AP submitted a written reply but did not provide documentation to substantiate her reason for the understatement. The Commissioner deemed AP did not exercise ordinary business care and prudence. The IRS Guide for Penalty Determinations, under RRA 98 1203 (b) (9), states the penalty for first offense of "willful understatement of federal tax liability, unless such understatement is due to reasonable cause and not willful neglect" is removal. The penalty for unintentional understatement of federal tax liability for first offense is admonishment, second offense written reprimand to 14 day suspension, and third offense removal. A key penalty factor to consider is: "More severe actions should be considered when the position of the employee is directly related to tax administration; especially when the employee is responsible for enforcing the specific tax provisions violated by the employee." (Page 38 and 39 attached) 4/2/07 According to the Department Manager AP has been in non work status since 1997 or 1998 when she missed sitting in her chair. She was called back to work twice. Each time she submitted documentation she was going to have surgery. Department Manager said he has not heard from her since 2004. He was working toward terminating AP when he became aware of the tax issue. She was terminated for not complying with her tax obligations (SF 52 attached). Labor Relations can provide information on the tax issue. Department Manager could not answer questions about health insurance since it is each employee's responsibility (Health Insurance section of Employee Resource Guide attached), Notice of Right to File a Formal Complaint was issued on 4/13/07 via certified mail. Surveys were issued to AP and Department Manager. | |
| **20. Counselor's suggestions to Management Official(s) to Resolve Complaint:** Counselor advised Aggrieved Party each Federal Agency has its own EEO program. In the future she should contact the agency directly if she has questions. | |
| **21. Final Action by Management Official(s) on Counselor's Suggestions:** Department Manager stated only the Commissioner can reinstate the Aggrieved Party. | |
| **22. Summary Description of Complaint Issues as Developed During Counseling (Specify Type of Discrimination Alleged and Actions Which Complainant Believes to be Discriminatory, show Dates of Occurrences.):** UID:CMAL00828; Incident date: on or about 1/15/07 On 3/19/07 Aggrieved Party (AP) filed an informal EEO complaint alleging she was discriminated against based on disability (physical) on or about 1/15/07 when she received a letter at home from her manager that she was being terminated effective 1/20/07 because of a 1203 (b) violation. AP alleges she was terminated because she has been out of work on Workers' Compensation since 6/15/01. She contacted National Treasury Employees Union (NTEU) at the Philadelphia Service Center for assistance when she was first notified of the proposed termination. NTEU took action in October or November, 2006. After she received the decision letter on or about 1/15/07, informing her she was terminated effective 1/20/07 she went back to NTEU and was told there is nothing more they can do. The steward told her she should not have been terminated because the IRS can not show willful intent. At that point another steward was assigned to her case. She requested a labor lawyer because she wanted to know where she had the best case: grievance process, MSPB or EEO. Instead, her case was sent to the Washington, DC office of NTEU requesting arbitration. In 3/07 AP was informed by NTEU that the deadline for arbitration was over and they were not going to take her case. During the initial interview, conducted on 3/22/07 Counselor (Cnslr) explained to AP she had 45 days from when she became aware she was being terminated to contact EEO. She stated she did not know who to contact since she had moved to Dover, DE. According to AP on 2/20/07 she went to the Department of Labor Office in Milford, DE to file an EEO complaint. She was told they could not help her. She has no documentation but believes they will verify that she was there on that date for that reason. On 3/19/07 she went to an IRS walk-in office and they gave her a number to call. She then went to her Senator's office that was located in the same building and called from there. She feels the complaint should be considered timely because of her 2/20/07 visit to the Department of Labor office. AP explained she was not working due to a work related injury which occurred in 2/00. She returned to work at the Philadelphia Service Center, Automated Underreporter Section, in 2001, with work restrictions. On 6/15/01 AP was injured again at work and has been on Workers' Compensation since that time. Management has been trying to terminate her since she has been on Workers' Compensation. Management is claiming the termination is because she failed to report the income she received from unemployment on her 2002 tax return. AP told Cnslr she received a notice in 2004 about the underreported income, made a payment plan, and paid the amount owed. She did not remember when she received the letter proposing termination because of this error. According to AP her manager did not put her in for medical benefits before she went out in 2000 or in 2001. She can't file for disability retirement and have medical benefits without it. She has until 1/20/08 to file for disability retirement. Cnslr advised AP that each agency has its own EEO program. They are not interrelated. In the future she should contact the agency directly if she has questions. Cnslr also advised AP the manager has nothing to do with benefits. The employee has to enroll in health insurance. Notice of Right to File a Formal Complaint was issued on 4/13/07 via certified mail. Customer Satisfaction Surveys were issued to AP and Department Manager. | |
| **23. Remedial Action Desired:** 1) Medical eligibility 2) Reinstated | |
| **24. Grievances and Appeals:** N/A | |

| 25. Total Number of Hours Spent Counseling This Case: Contacts Time: 5 Hour(s) 0 Minutes Preparation Time: 9 Hour(s) 30 Minutes Travel Time: 0 Hour(s) 0 Minutes | 26. Date of Final Interview: 4/13/2007 | 27. Date of This Report: 5/10/2007 9:12:23 AM |
|---|---|---|
| 28. Signature of Counselor: *[signature]* | 29. Date Report Sent or Delivered to Complaints: *[date]* | |

S 0

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CARROLL-LISA A. MALONE
1559 Forrest Ave, Dover DE 19904

(b) County of Residence of First Listed Plaintiff  Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
Henry M. Paulson, JR
Secretary, Department of the Treasury
Agency

County of Residence of First Listed Defendant  Washington D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
1500 Pennsylvania Ave NW., Washington
Attorneys (If Known)  DC. 20220

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 7
Brief description of cause: termination for disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/14/2008
SIGNATURE OF ATTORNEY OF RECORD  Carroll Lisa Malone

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____